UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim **No. 1:22-cr-10186-RGS** |
| | ) | |
| JAMESA RANKINS | ) | |

**DEFENDANT'S REQUEST FOR PROPOSED JURY INSTRUCTIONS**

The defendant, Jamesa Rankins, hereby submits the following proposed

jury instructions pursuant to Fed. R. Crim. P. 30. Mr. Rankins reserves the

right to modify and supplement these instructions as trial progresses.

Respectfully Submitted,
Jamesa Rankins
By her counsel,

Date: 10/25/2023                    /s/ Vivianne Jeruchim_____
                                    Vivianne Jeruchim, Esq.
                                    BBO #547598
                                    Jeruchim & Davenport, LLP
                                    50 Congress St., Suite 615
                                    Boston, MA  02109
                                    617/720-6047

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be
sent electronically to the registered participants as identified on the Notice of
Electronic Filing on October 25, 2023.

Date: 10/25/2023                    /s/ Vivianne Jeruchim_____
                                    Vivianne Jeruchim, Esq.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

## PRESUMPTION OF INNOCENCE[1]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone is sufficient to acquit a defendant unless you are convinced beyond a reasonable doubt of his or her guilt after a careful and impartial consideration of all the evidence in the case. The defendant before you, Jamesa Rankins has the benefit of that presumption throughout the trial, and you are not to convict her of a particular charge unless you are persuaded of her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime with which he or she is charged beyond a reasonable doubt. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Ms. Rankins has the right to rely upon the failure or inability of the

---

[1] *See* Pattern Criminal Jury Instructions for the District Courts of the First Circuit, available at https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf [hereinafter First Circuit Pattern Instructions] – 3.02 (Presumption of Innocence); *Taylor v. Kentucky*, 436 U.S. 478, 479 n.5 (1978).

government to establish beyond a reasonable doubt any essential element of a crime charged against her. A defendant never has the burden to prove her innocence.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

## **BURDEN OF PROOF[2]**

The government has the burden of proving every element of the charges against Ms. Rankins beyond a reasonable doubt. If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendants. A defendant is never required to prove that he or she is innocent and he or she need not present any evidence for you to find him or her not guilty. The presumption of innocence alone is sufficient for you to conclude that after careful and impartial consideration of all the evidence that Ms. Rankins is not guilty.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3**

## **REASONABLE DOUBT[3]**

The government bears the burden of proving, beyond a reasonable doubt, that a defendant is guilty of the charge made against him or her. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be

---

[2] Adapted from First Circuit Pattern Instructions – 3.02 (Presumption of Innocence; Proof Beyond a Reasonable Doubt).
[3] Adapted from instruction given by Judge Keeton, approved in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997). *See also* First Circuit Pattern Instructions – 3.02 (Proof Beyond a Reasonable Doubt).

proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

A defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that a defendant is not guilty — you must find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that an element of, or a fact necessary to prove, an offense is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

In order to meet its heavy burden, the government must establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the

defendant the benefit of the doubt and find the defendant not guilty of that offense.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## INDICTMENT IS NOT EVIDENCE[4]

Ms. Rankins been charged by way of an indictment. You are not to draw any adverse inferences against Ms. Rankins from the fact that she was indicted. The indictment is simply the description of the charge against the defendant; it is not evidence of anything. Ms. Rankins pled "Not Guilty" and, therefore, she denies that she is guilty of the crimes charged in the indictment. A defendant is presumed innocent and may not be found guilty by you unless all of you – the trial jurors – unanimously find that the government has proven his or her guilt beyond a reasonable doubt.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 5

## WITNESS CREDIBILITY[5]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says, part of it, or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the

---

[4] *See* First Circuit Pattern Instructions – 1.02 (Nature of Indictment).
[5] *See* First Circuit Pattern Instructions – 1.06 (Credibility of Witnesses).

witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness had a past grievance with a defendant; (6) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (7) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT[6]

You have heard evidence that before testifying at this trial, some witnesses made statements concerning the same subject matter as his or her testimony in this trial. You may consider that earlier statement to help you decide how much of the witness's testimony to believe. If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of the witness's testimony at this trial.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6
## TESTIMONY OF LAW ENFORCEMENT OR GOVERNMENT OFFICIAL[7]

You have heard the testimony of Jason Manning, who is a law enforcement official. The fact that Jason Manning is employed by the federal government as a law enforcement officer does not mean that his testimony is

---

[6] *See* First Circuit Pattern Instructions – 2.03 (Impeachment by Prior Inconsistent Statement).
[7] Adapted from Sand et al., *Modern Federal Jury Instructions (Crim.)*, Inst. 7-16 (2018).

necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a witness who is a law enforcement or other government official on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of a case.

Likewise, you have heard the testimony of other current of former law enforcement officers. The fact that these witnesses are or were law enforcement officers does not mean that that witness' testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the witness and to give that testimony whatever weight, if any, you find it deserves.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 7

## EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS[8]

You have heard evidence that Ms. Rankins allegedly committed other acts similar to those charged in this case. Even if you find that a defendant engaged in similar conduct on other occasions, you may not infer that she

---

[8] The defendant objects to the introduction of any evidence of prior bad acts. If this evidence is admitted over her objection, she requests this instruction. *See* First Circuit Pattern Instructions - 2.06 (Evidence of Defendant's Prior Similar Acts).

participated in the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether a defendant in question had the state of mind or intent necessary to commit the crimes charged in the indictment; or

(2) Whether a defendant in question had the motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether a defendant in question acted according to a plan or in preparation for the commission of a crime; or

(4) Whether a defendant in question committed the acts he or she is now on trial for by accident or mistake.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 8

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL[9]

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

_____

[9]Adapted from First Circuit Pattern Instruction - 3.05 (Kinds of Evidence: Direct and Circumstantial); *Beckman v. United States*, 96 F.2d 15 (5th Cir. 1938); *Epstein v. United States*, 174 F.2d 754, 769 (6th Cir. 1949).

Where proof of guilt depends entirely upon circumstantial evidence, the burden rests upon the government to prove its case beyond a reasonable doubt to the exclusion of every reasonable hypothesis of innocence.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

## INFERENCES[10]

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists. There are times when different inferences may be drawn from certain facts. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense. While you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.  Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the

---

[10] Adapted from Sand, et al, *Modern Federal Jury Instructions (Crim)*, Inst. 6.01 (2022).

defendant unless you are convinced of his or her guilt beyond a reasonable doubt.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

## OBJECTIONS[11]

At times during the trial, you heard lawyers make objections to questions asked by other lawyers, and to answers by witnesses. It is a proper function of lawyers to make objections. In objecting, a lawyer is requesting that I make a decision on a particular rule of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

## CONSIDER ONLY THE CHARGES[12]

Ms. Rankins is not charged with committing any crime other than the charges contained in the indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

---

[11] Adapted from First Circuit Pattern Instructions – 1.05 (Evidence; Objections; Rulings; Bench Conferences).
[12] *See* Sand, et al, *Modern Federal Jury Instructions (Crim)*, Inst. 3-3 (2022).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## DEFENDANT'S DECISION NOT TO TESTIFY[13]

Under our Constitution, Ms. Rankins has an absolute right not to testify. In this, case she has exercised that lawful right. The fact that she has elected not to take the stand is in no way to be regarded by you as involving the questions of her innocence or her guilt. No negative inference may be drawn from this decision. Ms. Rankins has entered a plea of not guilty. I instruct you emphatically that, in the jury room, you may not speculate about why he she did not take the stand. You may not even discuss the fact that she did not testify. I have told you why she did not testify. She has exercised her lawful right.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

## FOREPERSON'S ROLE; UNANIMITY[14]

I come now to the rules for your deliberations. When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.

Your verdict must be unanimous. This means that for each count listed in the indictment you must all agree that the government has proved each and every element of each crime beyond a reasonable doubt.

---

[13] Adapted from First Circuit Pattern Instructions – 3.03 (Defendant's Constitutional Right Not to Testify).
[14] Adapted from First Circuit Pattern Instructions – 6.01 (Foreperson's Role; Unanimity).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14
## THEFT OF GOVERNMENT
## MONEY

The Defendant is charged in Count One of the Indictment with theft of government money in violation of Section 641 of Title 18 of the United States Code.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the money described in the indictment belonged to the United States;

Second, that the value of the money was more than $1,000;

Third, that the Defendant knowingly and willfully stole or converted the money to the

Defendant's own use or the use of another person; and

Fourth, that the Defendant did so with the intent to deprive the United States of the use or

benefit of the money.

To "steal" or "convert" means to take money belonging to another with intent to deprive the owner of its use or benefit either temporarily or permanently.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you must find the Defendant guilty of Count One. If, on the other hand, you find from your consideration of all the evidence that the government has

failed to prove any one of these elements beyond a reasonable doubt, then you must find the Defendant not guilty of Count One.

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

## **PREJUDICE FROM THE WORDS "SCHEME"**

The word "scheme" has a certain implication in our society. Use of this term in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of a defendant has been proven.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16**

## **FIDUCIARY DUTY**[15]

I instructed that you must determine whether Ms. Rankins owed a "fiduciary duty" to the United States Government, United States Postal Service and the Commonwealth of Massachusetts.

---

[15] Adapted from Ninth Circuit Manual of Model Criminal Jury Instructions - 15.34 (Mail Fraud - Scheme to Defraud - Deprivation of Intangible Right of Honest Services); Massachusetts Superior Court Civil Practice Jury Instruction, §12.3; *United States v. Halloran*, 821 F.3d 321, 338 (2d Cir. 2016) (at "the heart of the fiduciary relationship lies reliance, and de facto control and dominance") (internal citation and quotation marks omitted); *Regents of the Univ. of California v. Aisen*, No. 15-CV-1766-BEN, 2016 WL 4097072, at *5 (S.D. Cal. Apr. 18, 2016) (in the employment context, an employer must delegate "control and decision-making power over important and valuable university assets and staff" to an employee to create a fiduciary duty); *United States v. Smith*, 985 F. Supp. 2d 547, 595 (S.D.N.Y. 2014) (the duty of loyalty is a type of fiduciary duty that falls within the core of that term as used in relation to the Honest Services Fraud Statute); *United States v. Lusk*, No. 15-CR-00124, 2017 WL 508589, at *10 (S.D.W. Va. Feb. 7, 2017) (collecting cases and noting that courts have "reached wildly different determinations as to the permissible sources of fiduciary duties that can sustain an honest-services offense."); Transcript of Rule 11 Hearing at 33:16-20, *United States v. Meredith*, No. 19-CR-10075-MLW (D. Mass. Mar. 28, 2019) (Dkt. No. 41) ("I expect, if I were trying this case, this could be a contested issue because there is some jurisprudence that says you look to state law to see if there's a fiduciary relationship, duty[.]").

A "fiduciary duty" exists where one party—here, the United States Government, the United States Postal Service, and the Commonwealth of Massachusetts - delegates control and decision-making power over important and valuable assets to a second party—the fiduciary. A fiduciary duty also requires that the fiduciary be under a duty of loyalty to act for the first party's benefit, and the first party places special trust and confidence in the fiduciary in reliance that the fiduciary will exercise his or her discretion and expertise with the utmost honesty and forthrightness in the interests of the first party. The relationship of trust must comprise more than mere respect for the judgment of the fiduciary or trust in his or her character. Rather, the first party must relax the care and vigilance that it would ordinarily exercise, and the fiduciary must knowingly accept that special trust and confidence and thereafter undertake to act on behalf of the first party based on such reliance.

In determining whether Ms. Rankins owed a fiduciary duty to United States Government, the United States Postal Service and the Commonwealth of Massachusetts, you may consider: the relationship of the parties with respect to the alleged criminal conduct; the parties' respective capacities and experience; the degree to which United States Government, United States Postal Service and the Commonwealth of Massachusetts actually delegated control and decision-making power over important and valuable assets and staff to the defendant; the degree to which United States Government, United States Postal Service and the Commonwealth of Massachusetts placed special

trust, confidence, and reliance in the fiduciary and the fiduciary knowingly accepted that special trust and confidence.

The existence of any fiduciary duty is limited to the scope of the particular relationship at issue. The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, it is only when one party places, and the other accepts, a special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

It is for you to determine whether any fiduciary duty existed here, based on all of the evidence before you. You should consider all of the circumstances between the two parties to determine whether a fiduciary duty existed between Ms. Rankins and United States Government, United States Postal Service and the Commonwealth of Massachusetts.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

## WIRE FRAUD[16]

The indictment charges Ms. Rankins with counts two through four of wire fraud. In order to find that Ms. Rankins committed wire fraud, you must unanimously agree that in connection with each alleged transfer, the

---

[16] First Circuit Pattern Instructions – 4.18.1343 (Wire Fraud); *Babich* Jury Charge, 46:9-48:7, 49:1-49:23; *United States v. Cassiere*, 4 F.3d 1006, 1022 (1st Cir. 1993); *Chiarella v. United States*, 445 U.S. 222, 227–28 (1980); *United States v. Szur*, 289 F.3d 200, 211 (2d Cir. 2002).

government proved, beyond a reasonable doubt the following elements of wire fraud:

*First*, there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property of the company or entity named in each allegation by means of false or fraudulent pretenses.

*Second*, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter.

*Third*, that the defendant in question knowingly and willfully participated in this scheme with the intent to defraud.

*Fourth*, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant in question caused an interstate wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about the date alleged.

The term "defraud" means to deceive another in order to obtain money or property.

A scheme includes any plan, pattern or course of action. The government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment. The government must also prove beyond a

reasonable doubt that the object of the scheme was the victim's loss of money or property.

The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud. The term includes actual, direct false statements as well as half-truths and the knowing concealment of material facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to whom it was addressed.

The "concealment of a material fact" can only constitute a false or fraudulent misrepresentation if:

*One*, the person was under a general professional or a specific contractual duty to make such a disclosure.

*Two*, the person actually knew such disclosure ought to be made; and

*Three*, the person failed to make such disclosure with the specific intent to defraud.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident. An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to

disregard the law. Thus, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

An "interstate wire communication" includes a telephone communication from one state to another. The term also includes an e-mail transmission or other internet communication. The wire communication does not have to be essential to the scheme, but it must have been made for the purpose of carrying it out. There is no requirement that the defendant him or herself was responsible for the wire communication, that the wire communication itself was fraudulent or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that the defendant in question knew, or could reasonably have foreseen that the use of a wire communication would follow in the course of the scheme.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 18

## AIDING AND ABETTING[17]

To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt:

_____

[17] First Circuit Pattern Instructions - 4.18.02(a) (Aid and Abet).

*First*, that the crime charged (obstruction of justice) was actually committed by someone.

*Second*, that the defendant in question took an affirmative act to help or cause the charged crime of obstruction of justice.

*Third*, that the defendant in question intended to help or cause the commission of the charged crime of obstruction of justice.

The second element, the "affirmative act" element, can be satisfied without proof that the defendant in question participated in each and every element of the crime. It is enough if the defendant in question assisted in the commission of the crime or caused the crime to be committed.

The third element, the "intent" element, is satisfied if the defendant in question had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time the defendant in question can opt to walk away.

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the crime and knowledge that the crime is being committed are also not sufficient to constitute aiding and abetting. But you may consider these things among other factors in determining whether the government has met its burden.

## PROPOSED INSTRUCTION NO. 19

## SCHEME TO DEFRAUD[18]

---

[18] *McEvoy Travel Bureau, Inc.* v. *Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990).

A scheme to defraud must be intended to deceive another, by means of false or fraudulent pretenses, representations, promises or other deceptive conduct. The government bears the burden to prove beyond a reasonable doubt that the defendant knowingly devised a scheme to defraud that was substantially the same as that alleged in the indictment. If the government does not prove a scheme to defraud beyond a reasonable doubt, you must find the defendant not guilty.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 20

## SCHEME TO DEFRAUD: KNOWING AND WILLFUL PARTICIPATION[19]

Even if you find that the scheme to defraud charged in the indictment existed, you may not convict the defendant in question of wire fraud unless you find that he or she knowingly and willfully participated in that scheme to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 21

## SCHEME TO DEFRAUD: SPECIFIC INTENT TO DEFRAUD[20]

Ms. Rankins cannot be convicted of wire fraud unless you find beyond a reasonable doubt that he acted with the specific intent to defraud. The specific intent to defraud requires a willful act by the defendant in question with the

---

[19] *United States* v. *Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993).

[20] *Corley* v. *Rosewood Care Center, Inc.*, 388 F.3d 990, 1005 (7th Cir. 2004); *United States* v. *Callipari*, 368 F.3d 22, 33 (1st Cir. 2004), *vacated on other grounds*, 125 S.Ct. 985 (2005); *McEvoy Travel Bureau, Inc.* v. *Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990).

specific intent to deceive or cheat. Specific intent to defraud requires a specific intent to injure another at the time that a material fact is withheld or misrepresented. Specific intent to defraud requires an intent to take advantage of another for your own benefit. Mere participation in a scheme is not enough to prove a specific intent to defraud. Rather, the government must prove beyond a reasonable doubt that the defendant in question intended to deceive, injure and cheat when he or she withheld or misrepresented any fact you also find to be material. If you find that the government has not proven that the defendant in question intended to deceive, injure or cheat at the time that he or she allegedly withheld information or misrepresented information, you must find that defendant not guilty.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 21

## GOOD FAITH[21]

Good faith is a complete defense to the charges in the indictment because good faith is inconsistent with both knowingly and willfully agreeing to become a member of the alleged conspiracies, specifically intending that a member of the alleged conspiracies will commit conduct that constitutes two or more racketeering acts, and committing the substantive crimes alleged. The burden of proof is not on Ms. Rankins to prove good faith, of course, because

---

[21] Adapted from O'Malley et al., Federal Jury Practice and Instructions § 19:06 (6th ed. 2020); *see also* Babich Jury Charge, 55:15-56:6; *United States v. Bravo-Fernandez*, Case No. 10-cr-232 (FAB) (D. Puerto Rico) (Dkt. No. 960 at 36); *United States v. Diggs,* 613 F.2d 988, 1000, n. 67 (D.C. Cir. 1979) (instruction given in case upheld on appeal); *United States v. Dockray,* 943 F.2d 152, 155 (1st Cir. 1991) (good faith is an absolute defense); *United States v. Lawrence*, 189 F.3d 838, 843 (9th Cir. 1999).

does not have a burden to prove anything. The government must establish beyond a reasonable doubt that the defendant in question acted with criminal intent and not in good faith.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the law merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct. The law is written to subject to criminal punishment only those people who act with criminal intent.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 22

## DUTY TO DISCLOSE[22]

A failure to disclose a material fact may only constitute a false or fraudulent misrepresentation if:

*One*, the person was under a general professional or specific contractual duty to make such a disclosure;

*Two*, the person actually knew the disclosure ought to be made; and

---

[22]*United States v. Cassiere*, 4 F.3d 1006, 1022 (1st Cir. 1993) (approving in substance this instruction in a failure to disclose case).

*Three*, the person failed to make the disclosure with the specific intent to defraud.

The government must prove that the alleged omission as charged in the indictment was made with the intent to defraud, that is, to advance the scheme or artifice to defraud. Such a scheme in each case has to be reasonably calculated to deceive a person of ordinary prudence, ordinary care and comprehension.

It is not a crime simply to be careless or sloppy in discharging your duties as an employee or party to a transaction.

If you find that the government has not proven, beyond a reasonable doubt, that the defendant in question had a duty to disclose some material fact, and that he or she knew he or she had a duty to disclose and that he or she failed to disclose with the specific intent to defraud, then you must find that defendant not guilty.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 23

## BREACH OF DUTY[23]

The wire fraud statute makes criminal only breaches of duty that are accompanied by a misrepresentation or non-disclosure that is intended or is contemplated to deprive the person to whom the duty is owed of some legally significant benefit.

---

[23] *United States v. Lemire*, 720 F.2d 1327, 1335 (D.C. Cir. 1983).

An employee or fiduciary's undisclosed conflict of interest does not by itself pose a threat of economic harm to his employer or one to whom a duty to disclose is owed. Other surrounding circumstances may provide the necessary proof that an individual intended economic harm. However, an intentional failure to disclose a conflict of interest, without more, is not sufficient to find an intent to defraud. There must be a failure to disclose something that the employee or fiduciary knows carries an independent business risk to his employer or one to whom a fiduciary duty is owed.