UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No.1-22-CR-10186-RGS |
| | ) | |
| JAMESA RANKINS | ) | |

## **MOTION – VOIR DIRE OF PROSPECTIVE JURORS**

Now comes the Defendant in the above-numbered Indictments and requests, pursuant to Fed. R. Crim. Pro. 24(a), that this Court put the following questions to each person called as a juror in order that the Defendant may intelligently exercise his right to peremptory challenges, and to ensure that each juror stands indifferent in this case and is not affected by any bias, prejudice, or interest.

The defendant further requests that preliminary legal instructions be provided as to significant legal principles pertinent to the case. The defense requests that the instructions be provided to the full venire, prior to the commencement of the voir dire held on this case:

"I am about to make some general remarks to introduce you to the trial of this case and to acquaint you with some of the significant legal principles and instructions that will control the deliberations of the jury ultimately selected. These remarks are not a substitute for the more detailed instructions that I give at the conclusion of a trial, before the jury begins deliberations. However, these preliminary instructions are very important in the jury selection process.  During jury selection, I will ask

you some questions as a group, and then both I and sometimes the lawyers will ask each individual jurors some questions personally, one at a time, outside the presence of the other members of this group of potential jurors.

When you hear my instructions, and the questions you are asked, if you have *any* concern whatsoever about the instructions, your understanding of them, and your willingness to follow my instructions, please raise your hand when you are asked questions as a group, or let me know of your concern when I speak with you privately.

If you have any concern about your willingness and ability to apply the legal principles I am about to explain, please bring that to my attention. Also, regardless of the reason, you may, and should, raise *any* concerns you have about whether this is a good case for you to be a juror on, during your individual discussion with me. I thank you in advance for your candid and honest responses.

As I mentioned, this is the trial of a criminal case. Jamesa Rankins is charged with two alleged offenses: one count of theft of government money and three counts of wire fraud.

Ms. Rankins denies the allegations and has pleaded that she is Not Guilty.

*Fundamental principles* – During this process you will hear about certain legal rules and principles that will govern this trial. It is my job to teach the jury the law, but I do not do that fully and completely until the

conclusion of a trial. However, at this time I will give you a brief summary of some of these rules and principles.

First, and fundamentally, as I will instruct multiple times in the trial, Ms. Rankins is _presumed to be innocent_. The fact that someone charged with a crime is not proof of anything. An indictment is just a piece of paper. It is not itself any evidence of guilt whatsoever and is merely a formal manner of accusing a person of a crime in order to bring him or her to trial. You must not draw any inference of guilt from the indictment.

As fundamentally, in any criminal case, a defendant is presumed to be innocent unless all deliberating jurors agree <u>unanimously</u> that the Government has proven that he or she is guilty <u>beyond a reasonable doubt</u>. The law requires that the Government prove that a defendant is guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence, or to produce any evidence whatsoever.

That brings me to the requirement of _proof beyond a reasonable doubt_. The burden is on the Government to prove beyond a reasonable doubt that a defendant is guilty of the charges made against him or her.

What is proof beyond a reasonable doubt? As I will instruct you again at the close of the evidence:

"Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, for everything on the lives of human beings is open to some possible or imaginary doubt. A charge is proved beyond a reasonable doubt if, after you have compared and considered all of the

evidence, you have in your minds an abiding conviction, to a moral certainty, that the charge is true.  When we refer to moral certainty, we mean the highest degree of certainty possible in matters relating to human affairs – based solely on the evidence that has been put before you in this case.

I have told you that every person is presumed to be innocent until he or she is proved guilty, and that the burden of proof is always on the prosecutor. If you evaluate all the evidence and you still have a reasonable doubt remaining, the defendant is entitled to the benefit of that doubt and must be acquitted.

It is not enough for the Government to establish a probability, even a strong probability, that the defendant is more likely to be guilty than not guilty.  That is not enough.  Instead, the evidence must convince you of the defendant's guilt to a reasonable and moral certainty; a certainty that convinces your understanding and satisfies your reason and judgment as jurors who are sworn to act conscientiously on the evidence.

That is what we mean by proof beyond a reasonable doubt.

If you are seated on the jury in this case, you will be instructed that you are to evaluate all the evidence and if you have reasonable doubt remaining, defendants are entitled to that doubt and must be acquitted.

The final legal principle I want to discuss with you at this time – which is fundamental and of the utmost importance within our judicial system – is the fact that a defendant has an <u>*absolute right not to testify*</u>.

This is because the <u>entire burden of proof in a criminal prosecution is on the Government</u>. Under our system of laws, the fact that a defendant may not testify has nothing to do with the question of whether he or she is guilty or not guilty, and the fact that someone does not testify may not be considered by jurors in any way.  Jurors may not even discuss the fact that a defendant does not testify in their deliberations.

I will now remind you that if you do not fully understand and accept and are not willing or able – for any reason whatsoever – to apply all those most fundamental legal principles, then you can, and indeed must, let me know that during the jury selection process**.** You can let me know now, or later, when we speak privately.

<u>Implicit Bias voir dire instruction</u> - Our system of justice depends on the willingness and ability of judges like me and potential jurors like you to make careful and fair decisions. What you will be asked to do is difficult because of a universal challenge: We all have biases. We each make assumptions and have our own stereotypes, prejudices, and fears. These biases can influence how we categorize the information we take in. They can influence the evidence we see and hear, and how we perceive a person or a situation. They can affect the evidence we remember and how we remember it. And they can influence the "gut feelings" and conclusions we form about people and events. When we are aware of these biases, we can at least try to fight them. But we are often not aware that they exist.

We can only correct for hidden biases when we recognize them and how they affect us. For this reason, you are encouraged to thoroughly and carefully examine whether your decision-making process can ensure that the conclusions you will draw are a fair reflection of the law and the evidence when considering your first impressions of the people and evidence in this case. Will it be easier to believe statements or evidence when presented by people who are more like you? If you or the people involved in this case were from different backgrounds – richer or poorer, more or less educated, older or younger, or of a different gender, race, religion, or sexual orientation – would you still view them, and the evidence, the same way? If so, can you remain aware of and correct those hidden biases when listening to the evidence in this case if you are selected as a juror? Our system of justice is counting on you to render a fair decision based only on the evidence, not on biases.

The defendant specifically requests leave to ask jurors questions on the below-listed subjects based on her statutory right to conduct some attorney-conducted voir dire, and her right to a trial by a jury consisting of fair, impartial, and indifferent jurors, as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.

The defendant does not oppose consideration of whether, as to some of the approved subjects, it makes sense for the Court instead of counsel to inquire first of the individual juror.

To the extent the Court directs the parties to propose specifically-worded questions, the defendant requests leave to supplement this request with such proposals.

1. Have you read or heard anything about this case from the newspapers, radio, television and/or social media?
2. Does the fact that this defendant is charged with indictments of theft of government funds and wire fraud in any way impair your ability to be fair and impartial?
3. The defendant is a Black female. Do you understand that you have no legal obligation to like or to feel comfortable with a person of color, but that you do have an obligation to tell the Court your feelings candidly and accurately if such feelings would affect your ability to be fair and impartial?
4. Would the fact that the defendant is a Black female make it more difficult for you to render a verdict in her favor than if she were white?
5. Do you feel that persons of color are more likely to commit crimes involving theft or fraud than white persons are?
6. Have you ever had an experience involving a person of color that left you with a feeling of prejudice concerning other members of that race?
7. Did any members of the jury panel know one another before assembling for this jury panel? If so, in what way?

8. Have you ever served previously as a member of a trial jury? If so, when and in which court? Was it on a civil or criminal case? Were you allowed to reach a verdict? What was the outcome of the trial? Have you ever served as a foreperson on a jury? Was there anything about your experience on a jury that would make it difficult for you to sit on this jury?

9. Have any of you ever served on a grand jury in either state or federal court? If so, in what court did you serve? When was your service? How long did you serve? What kind of cases did you hear? Did your grand jury ever return a "No True Bill" to an indictment presented by the prosecutor?

10. Have any of you had formal legal training (law school, college business law course, paralegal training, legal training in the court of employment, etc.) or been employed by a law firm? If so, do you have knowledge or experience in criminal law? If so, please describe your experience. Have you had experience with fraud investigations? If so, please describe your experience.

11. Have you ever been a witness in a criminal case? If so, what was the charge and what was the outcome in the cases?

12. The Assistant United States Attorneys and the defense counsel attorneys are all lawyers, and thus equal in the eyes of the law, and are each doing his or her best to represent their positions. Is there any member of the panel who would give any more weight

to the arguments of the prosecutor than to the defense counsel merely because the prosecutor represents the government or bears the title "Assistant United States Attorney?"

13. Do you know the defendant, Jamesa Rankins? If so, how do you know her?

14. Do you know any of the witnesses in this case? If so, how do you know them?

15. Is there any person on the jury panel who has been the victim of a crime of fraud or theft? Have you had a close friend or family member who has been the victim of a crime of fraud or theft? What happened? How has that experience affected your life?

16. Have you or anyone you know ever worked for the U.S. Attorney's Office, the U.S. Department of Justice, a state district attorney's office, the Department of Unemployment Assistance, the United States Postal Service, or state or local law enforcement? If so, would that experience and/or relationship make it more difficult for you to be fair and impartial

17. Would you tend to give greater weight or credibility, no matter how slight, to the testimony of federal agents or prosecution witnesses merely because they are employees of, or testifying on behalf of the United States government?

18. Would you give their testimony greater weight or credibility over the defendant or witnesses on her behalf?

19. Has anyone had a particularly positive experience with a law enforcement officer?

20. If so, because of that experience, is there any possibility that you might give more weight to the testimony of a law enforcement officer?

21. Do you understand the indictment is only a piece of paper notifying the defendant that she has been charged with a crime. Does the fact that an indictment was brought make it more likely that the defendant is guilty than not guilty?

22. Do you have difficulty presuming that the defendant is now innocent?

23. Can you find the defendant not guilty if the government fails to prove her guilt beyond a reasonable doubt?

24. Do you understand that the defendant is presumed innocent until proven guilty by the government beyond a reasonable doubt?

25. Under the United States Constitution, a person accused of a crime does not have to testify as a witness in his own defense or present any witnesses and his silence cannot be used against him. Do you feel that if a defendant does not testify at his own trial, she is more likely guilty than not?

26. Do any of you believe that just because the Defendant is with someone else who is or may be guilty of a crime that the Defendant is automatically guilty because of her association with that person?

27. Do any of you believe that just because the Defendant may have been present when a crime may have been committed that she is automatically guilty because she was there?

28. Do you believe that, because the Defendant has been charged with a crime, she is probably guilty and therefore must present evidence to prove that she is innocent?

29. If you answered yes, would that belief prevent you from accepting from this Court and applying to this case the correct formulation of law; that is, that the Government has the burden of proving guilt beyond a reasonable doubt, and that the Defendant need present no evidence whatsoever on her own behalf?

Respectfully Submitted,
Jamesa Rankins
By her counsel,

Date: 10/25/2023 /s/ Vivianne Jeruchim_____
Vivianne Jeruchim, Esq.
BBO #547598
Jeruchim & Davenport, LLP
50 Congress St., Suite 615
Boston, MA 02109
617/720-6047

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 25, 2023.

Date: 10/25/2023 /s/ Vivianne Jeruchim_____
Vivianne Jeruchim, Esq.