UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Crim **No. 1-22-CR-10186-RGS**
)
JAMESA RANKINS )

## **MOTION FOR SEQUESTRATION OF WITNESSES**

Pursuant to Fed. R. Evid. 615, defendant, Jamesa Rankins ("Rankins"), by and through undersigned counsel, hereby moves this Honorable Court to: (1) order that witnesses be sequestered so that they cannot hear the testimony of other witnesses; (2) prohibit witnesses, including law enforcement witnesses, from discussing their testimony with other witnesses during the pendency of trial; 3) apply the sequestration order to all government law enforcement agents; and 4) bar any government case agent who may testify from sitting with prosecutors at counsel table.

Fed. R. Evid. 615 provides:

At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

(a) a party who is a natural person;

(b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

(c) a person whose presence a party shows to be essential to presenting the party' claim or defense; or

(d) a person authorized by statute to be present.

The purpose of the rule is "to discourage and expose fabrication, inaccuracy, and collusion." <u>Opus 3 Ltd. v. Heritage Park, Inc</u>., 91 F.3d 625, 628 (4th Cir.1996) (citations omitted). For that reason, sequestration of witnesses is often ordered as a matter of course.

While the Advisory Committee notes suggest that case agents may sit at counsel table as designated representatives of the government as a party, constitutional due process concerns require that any agent <u>who may testify</u> should be barred from counsel table.

Due process requires that any activity that may pose "a threat to the 'fairness of the fact finding process' ... be subjected to 'close, judicial scrutiny,' " <u>Holbrook v. Flynn</u>, 475 U.S. 560, 568 (1986) (*quoting* <u>Estelle v. Williams</u>, 425 U.S. 501, 503-04 (1976)). With this constitutional requirement in mind, there is no compelling reason to have any case agent <u>who may testify</u> present at counsel table. The First Circuit has noted:

[L]aw enforcement officials wear an invisible cloak of credibility by virtue of their position; to make it explicit may too easily tip the scales. <u>Patriarca v. United States</u>, 402 F.2d 314, 321 (1st Cir. 1968) (court found that the government attorney vouched for police and other witnesses).

A courtroom setup that imbues a witness with the imprimatur of the government is inherently prejudicial and requires that any testifying

agents be excluded from counsel table. See United States v. Anagnos, 853 F.2d 1, 4 (1st Cir. 1988) (agent sitting at counsel table undesirable because of possibility that jury might view it as government endorsement of agent's credibility, noting further that "[a] witness who sits side by side with counsel would seem implicitly vouched for."); see also United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993) ("vouching is especially problematic in cases where the credibility of the witnesses is crucial.").

In Berger vs. United States, 295 U.S. 78, 88 (1935), the Supreme Court noted that: "[t}he United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. *Id.*

There is no compelling reason for a testifying case agent to sit at counsel table. As noted in the Advisory Committee Notes to Rule 615: "it would not seem the Government could often meet the burden under rule 615 of showing the agent's presence is essential." The government may

designate someone else to sit as its representative, so long as that person is not a witness in the case. To allow a testifying agent to sit at counsel table, receive the imprimatur of the government, and to testify against the defendant would be a violation of defendant's right to due process and a fair trial.

In the present case, Special Agent Jason Manning is the sole case agent in this case. On or about January 2021, Agents Gibley and Manning interviewed Rankins in conjunction with this investigation. The interview was conducted by SA Gibley who has not been identified as a Government witness. Under these circumstances, Agent Manning should not be allowed to sit at counsel table as other witnesses testify about this case.

(e) WHEREFORE, undersigned counsel respectfully requests the Court to grant defendant's motion *in limine* to sequester witnesses and to exclude testifying case agent(s) from sitting at counsel table.

(f) REQUEST FOR ORAL ARGUMENT

(g) Defendant believes that oral argument will assist the Court and requests a hearing on this motion pursuant to Local Rule 7.1.

Respectfully Submitted,
Jamesa Rankins
By her counsel,

Date: 10/25/2024

/s/ Vivianne Jeruchim_____
Vivianne Jeruchim, Esq.
BBO #547598
Jeruchim & Davenport, LLP

50 Congress St., Suite 615
Boston, MA 02109
617/720-6047

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 25, 2023.

Date: 10/25/2023                                  /s/ Vivianne Jeruchim_____
                                                                 Vivianne Jeruchim, Esq.